NO. 07-08-0175-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 15, 2009

_____

EDWIN ANDREW DEGRAFF,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. B16020-0505; HON. ROBERT W. KINKAID, JR., PRESIDING

_____

*Order of Abatement and Remand for Appointment of Counsel*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

After a jury trial, Edwin Andrew DeGraff (appellant) was convicted of aggravated sexual assault of a child. Punishment was assessed by the jury at fifty years in the Texas Department of Criminal Justice Institutional Division. Appellant timely filed his notice of appeal. Thereafter, his appointed counsel filed a motion to withdraw, together with an

*Anders*[1] brief, wherein he certified that, after diligently searching the record, he found the appeal without merit. Along with his brief, he also filed a copy of a letter he sent to appellant informing him of his conclusion and of appellant's right to appeal *pro se.* This court notified appellant of his right to file his own brief or response, and appellant did so.

In an *Anders* situation, a criminal defense attorney must zealously represent the interests of his client on appeal. *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). If the appointed attorney finds the "case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.* The brief filed in an *Anders* situation is "an assurance to the appellate court that the attorney has indeed made a thorough and conscientious examination of the record, has provided the appellate court with the appropriate facts of the case and its procedural history, and has pointed out any potentially plausible points of error." *Id.*

Despite counsel's efforts and disclosures, we cannot simply accept them and also conclude that the appeal is baseless. Instead, we too must peruse the record to determine if matter exists that merits attention. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have done that here and conclude that such matters do exist.

Indeed, in analyzing the record as part of his *Anders* obligation, appellate counsel did not mention various circumstances of interest. They include the three mistrials granted by the trial court, the denial of appellant's motion to transfer venue (filed after the third mistrial) because he allegedly could not receive a fair trial, the denial of his motion to suppress that placed into question the voluntariness of appellant's statement, or the

[1]*See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

difference between the accusations in the indictments and those in the jury charge involving the manner and means of the assaults. And, while we make no comment upon the ultimate merit of appellant's appeal, we find that further attention to it is needed.

Therefore, appellate counsel's representation about the appeal being meritless is rejected at this time. Instead, we abate the matter and remand the cause to the 64th District Court of Hale County, Texas. *See Stafford v. State*, 813 S.W.2d at 511. Upon remand, the trial court is ordered to appoint *a new attorney* to represent appellant in his appeal. Next, the trial court shall cause the name, address, and state bar number of the newly appointed counsel to be included in a supplemental transcript. That transcript shall be filed by the trial court with the clerk of this court on or before April 30, 2009. Finally, because the opinion expressed by appellant's current attorney could be viewed as creating a conflict of interest, we grant his motion to withdraw.

It is so ordered.

Per Curiam

Do not publish.